JULIO DE ARTEAGA TORRUELLA, Plaintiff and Appellee, *v.* CLUB DEPORTIVO DE PONCE, INC., Defendant and Appellant.

No. 10577.   Argued January 15, 1952.—Decided April 30, 1952.

*Leopoldo Tormes García* for appellant. *Enrique Cornier Martínez* and *Martín Avilés Bracero* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This is a suit for wages filed by Julio de Arteaga against Club Deportivo de Ponce, Inc. The plaintiff claimed $4,908.10, plus a similar amount as a penalty, for work done between December 20, 1945 and June 19, 1946. After a trial on the merits, the district court entered judgment in favor of the plaintiff for $961.03, plus a similar amount as a penalty, and $500 for attorney's fees. The case is here on appeal from that judgment.

The first assignment is that the lower court erred in holding that Mandatory Decree No. 6 for Hotels, Restaurants, Bars and Soda Fountains applied to the defendant. It contends that it is a non-profit association which operates a social, recreational and sports center in Ponce as a private club and that it is therefore not covered by the definitions contained in Decree No. 6.

Part A–1 of the decree provides that "employer" and "employee" shall have the meaning established in Act No. 8, Laws of Puerto Rico, 1941. In § 30 of Act No. 8, as amended by Act No. 217, Laws of Puerto Rico, 1945, "employer" is defined as including "every natural or artificial person of

any kind, *whether or not for profit*, who employs any number of workmen . . . for any kind of remuneration . . . ." (Italics ours.)

Part J–4 of Decree No. 6 defines the businesses to which it applies as follows:

"The businesses to which the Decree of the Board shall apply are those open to the public, or to members or guests of the latter, which in whole or in part operate or are maintained for profit or on the basis of receiving money or any thing of value in payment or in exchange for supplies or services, even though not operated for profit, in any of the following enterprises or activities, except when they are incidental to or are used for purposes of instruction, religion, medical assistance or performance of governmental functions or activity . . . ."

Decree No. 6 was approved on April 5, 1944 and amended on February 12, 1945. The defendant argues that Decree No. 6 adopted in Part A–1 the definition of "employer" which appeared in § 30 of Act No. 8 of 1941; that § 30 was amended on May 11, 1945 by Act No. 217 to include persons who employ people "whether or not for profit"; that Part A–1 was not amended after the passage of Act No. 217 to provide that the amended definition of "employer" shall apply to Decree No. 6; and that the definition of "employer" found in § 30 of Act No. 8 as originally approved is therefore controlling here. We cannot agree. Decree No. 6 clearly contemplated that the definition of "employer" in § 30 of Act No. 8 would apply therein. Consequently, when § 30 was amended, the amended definition governed the case, provided that it applied prospectively. And that represents no problem in this case as Act No. 217 was enacted on May 11, 1945 and the period of employment involved herein began on December 20, 1945.

The defendant does not dispute the fact that it operated bar and restaurant facilities, as defined in Part J–4, for which the members paid the Club the charges provided there-

for. Nor does it dispute the fact that the plaintiff, who was administrator of the Club during the period in question, spent a substantial part of his time on those activities. The defendant argues that it did not operate these facilities for profit, that they were furnished exclusively for its members and their guests, and that they were only a part of its functions, which included a number of other social, athletic, recreational and cultural activities.

The difficulty is that Part J–4 expressly covers this situation. It provides for coverage for restaurant and bar services furnished to "members or guests of the latter . . . which . . . are maintained . . . on the basis of receiving money ... even though not operated for profit ... ." The only exceptions—instruction, religion, medical assistance, governmental functions—are not applicable to this case. Since the decree expressly applies to the activities of the defendant in serving meals and operating a bar, the decree governs the employment of the plaintiff who devoted a substantial part of his time to these activities. *Cf. Hospital San José* v. *Minimum Wage Board*, 63 P.R.R. 717; *Lebrón* v. *Puerto Rico Aqueduct, Etc.*, 68 P.R.R. 1; *Tulier* v. *Land Authority*, 70 P.R.R. 249.

■ Part J–4, after defining in four paragraphs "hotel," "restaurant," "bar" and "soda fountain," defines in the fifth paragraph a "mixed establishment" as "every house, location or place which is used for two or more of the said enterprises or activities, or at the same time as it is used for one or more of them, for any other business." Thereafter, it provides that "When a mixed establishment is involved, it shall be understood that the workman or employee corresponds to the enterprise or activity at which he works exclusively or principally or to which he devotes more than half of his working time."

The defendant argues that the plaintiff devoted part of his time to doing a number of things not covered by the

decree, such as supervising a Boy Scout troop of sons of members and organizing the various social, athletic and recreational activities of the Club. But in entering judgment for the plaintiff, the lower court presumably found that he devoted more than half of his time to the bar and restaurant activities of the defendant. We find no basis for interference with that finding.

■ We reject once more the contention that a definition in a statute as in Act No. 8, as amended by No. 217 of 1945, which defines "employer" as including an administrator, means that the Legislature intended to exclude the latter from coverage under the statute with regard to his own salary. We again point out that the purpose of such a provision is to make the employer responsible for the conduct of the administrator in connection with the latter's subordinates and not to deprive the administrator personally of the benefits of the statute. Only if another provision expressly excludes executives from such a statute does it have that effect. *Correa* v. *Mario Mercado e Hijos,* 72 P.R.R. 77; *Tulier* v. *Land Authority, supra; Chabrán* v. *Bull Insular Line,* 69 P.R.R. 250; *Vicenty* v. *Corona Brewing Corp; ante,* p. 131.

■ Even if, as the defendant contends, the lower court erred in finding that the plaintiff was not an executive, that does not affect the result in this case. Some minimum wage decrees and statutes exclude executives from the benefits of their provisions. *Correa* v. *Mario Mercado e Hijos, supra.* That is not true here. This claim is predicated exclusively on Decree No. 6. And it provides sweepingly that "it shall be applicable to the workers or employees who are assigned to perform any act, process, operation or service necessary, incidental or related to the operation or maintenance of any of the said enterprises or activities." The decree therefore applied to the plaintiff whether or not he was an executive. Consequently, the lower court did not err in awarding pay

to the plaintiff for (1) extra hours, (2) work on days of rest and (3) vacation pay pursuant to Parts E and F of the said decrees.

■ The second assignment is that the lower court erred in awarding double pay for extra hours worked after the ninth hour in view of the fact that the plaintiff's contract provided for payment at the rate of $250 per month. Here the defendant relies on *Cardona* v. *District Court*, 62 P.R.R. 59, and the cases following it. This point would be well-taken if Act No. 49, Laws of Puerto Rico, Special Session, 1935, applied to this case. But the terms of Act No. 49 with reference to pay for work after 8 hours were superseded by Decree No. 6 for those employees to whom the decree applies. And Decree No. 6 provides in Part E that any employee who works in excess of 48 hours a week or 8 hours a day shall be compensated at the rate of double pay for such extra work. The lower court therefore did not err in awarding extra pay on this basis. We come to the same conclusion with reference to the similar sum awarded as a penalty in view of § 25 of Act No. 8 as amended. *Tulier* v. *Land Authority, supra.*

■ The third assignment is that the lower court erred in awarding $500 for attorney's fees. This was a hard-fought case in which there were a number of preliminary incidents and a fairly long trial. We do not think under all the circumstances that the district court abused its discretion in making this award.

The fourth assignment is that the judgment is contrary to the facts. In arguing this assignment the defendant does not challenge the findings of fact of the lower court as to the number of extra hours and days of rest the plaintiff worked. Instead, it repeats its contention that the principle of the *Cardona* case controls here and that the plaintiff should therefore recover either only for the ninth hours worked or not at all because he worked as an executive in

a business which was not operated for profit. For the reasons already noted, we cannot agree with that argument.

The judgment of the district court will be affirmed.